ROUTH CRABTREE OLSEN, P.S.
Edward T. Weber, Esq., SBN #194963
Brett P. Ryan, Esq., SBN #200563
Jonathan J. Damen, Esq., SBN #251869
505 N. Tustin Ave, Suite 243
Santa Ana, California 92705
Telephone 714-382-0315
Facsimile 714-277-4899
Email bryan@rcolegal.com

File No.: RCO 7314.32863
Attorneys for Movant

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>Linda Kay Thompson<br><br>Debtor. | Bk. No. 10-11877-A-7<br>**Chapter 7**<br>DC No.: RCO-1<br><br>*MOTION FOR RELIEF FROM AUTOMATIC STAY*<br><br>Hearing:<br>Date: June 22, 2010<br>Time: 1:30 PM<br>Place: U.S. Bankruptcy Court<br>2500 Tulare Street<br>Fresno, CA 93721<br>Dept: A<br>Courtroom 11<br>Floor 5 |

**I. Introduction**

COMES NOW, GMAC Mortgage, LLC, its successors in interest, agents, assigns and/or assignors ("Movant") and moves this court for an order under § 362(d)(1) and/or § 362(d)(2) terminating the automatic stay, allowing Movant to proceed with and complete any and all contractual and/or statutory remedies incident to its security interests held in real property commonly described as **2927 WEST SILVERHILL LANE, FRESNO, CA 93711** ("Property") and legally described as set forth in the Deed of Trust attached as an Exhibit to the Declaration filed concurrently herewith. Movant further seeks relief in order to, at its option, offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement and to contact the Debtor via telephone or written correspondence to offer such an agreement, which shall be non-recourse unless included in a reaffirmation agreement. Movant further moves that, absent objection, the provisions of F.R.B.P. 4001(a)(3) be waived to avoid further deterioration of Movant's secured position.

## II. Parties in Interest

On or about October 18, 2007, LINDA KAY THOMPSON executed a note in the original principal amount of $328,000.00. The indebtedness under the Note is secured by a first Deed of Trust recorded against the Property ("Deed" hereinafter).

Linda Kay Thompson ("Debtor" herein) filed for protection under Chapter 7 of Title 11 of the United States Code on February 25, 2010.

Robert A. Hawkins is the duly appointed Chapter 7 Trustee in the case. To the extent that relief sought herein is granted, Robert A. Hawkins should be bound by any such judgment.

## III. Default and Estimate of Obligation

Debtor is in default pursuant to the terms of the note for failure to make the required payments. Payments are credited as last received to first due. As of the date of this motion, the

subject loan is in default and is due the following payments:

| 10 Regular Payments from July 1, 2009 to April 1, 2010 @ $2,202.10 each | $22,021.00 |

The approximate total amount owed on the loan at this time is:

| | |
|---|---|
| Principal Balance | $321,923.27 |
| Accrued Interest | $18,161.10 |
| Current bankruptcy fees and costs | $700.00 |
| Accrued late charges | $306.93 |
| Escrow Shortage | $1,430.80 |
| NSF Fees | $50.00 |
| Speedpay Fee | $25.00 |
| Property Inspection Fees | $93.75 |
| Expense Advances | $2,035.49 |
| Less Suspense | -$1,599.00 |
| **Approximate Total Due** | **$343,127.34** |

These figures are an estimate only and are subject to change as additional fees are incurred and payments are made or become due, including but not limited to the attorney fees and costs incurred as a result of the filing of this motion. Please contact Movant's counsel directly for a reinstatement quote.

### IV. Authority

Under 11 U.S.C. §362(d)(1), on request of a party of interest, the Court shall terminate, annul, modify or condition the stay for "cause". Adequate protection is lacking in cases where

there is an insufficient equity cushion in the subject property. In re Mellor, 734 F.2d 1936, 1401 (9th Cir. 1984). An equity cushion is the amount of value in property that exceeds the amount owed on the property such that a secured creditor will not be subject to a loss in the event of a decrease in value while the property is encumbered by the automatic stay. Id. at 1400 n.2. In the case at bar, considering the value of the Property, Movant's total lien, and the likely costs of liquidation, there is an insufficient equity cushion and thus Movant lacks adequate protection. Additionally, "cause" to terminate the automatic stay exists in Debtor's continued failure to make payments towards the obligation. In this case, Debtor has failed to make the required payments as due under the terms of the note and thus there is "cause" to lift the stay.

Furthermore, under 11 U.S.C. § 362 (d)(2), a Court shall terminate, annul, modify or condition the stay if the debtor has no equity in the property and the property is not necessary for an effective reorganization. Here, as shown below, the value of the encumbrances, including all liens and costs of liquidation exceed the value of the property such that there is no equity available for the estate. Because the Debtor has chosen to liquidate under Chapter 7 of the Bankruptcy Code, the granting of an Order for Relief from Stay will not adversely affect the prospects of reorganization.

Value (as shown on Debtor's Schedules A and D): $246,500.00

Less:

| Movant's Deed of Trust (1st) | $343,127.34 |
|---|---|
| Allied Trustee Services (Other Lien Holder #1) (as shown on Debtor's Schedule D) | $4,454.78 |
| TOTAL EQUITY | -$100,785.12 |

WHEREFORE, Movant prays that this Court issue an Order granting the following:

MOTION FOR RELIEF FROM AUTOMATIC STAY
4

1. Terminating or modifying the stay, as to the Debtor and Debtor's bankruptcy estate, allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property;

2. Alternatively, in the event this court declines to grant Movant the relief requested above, Movant requests that an Order for adequate protection be issued pursuant to 11 U.S.C. § 361, including a requirement that Debtor reinstate all past arrearages and immediately commence regular monthly payments;

3. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code;

4. That the fourteen (14) day stay under F.R.B.P. 4001(a)(3) be waived;

5. That any fees and costs incurred in the prosecution of this motion may be assessed consistent with the terms of the underlying Note and Deed of Trust; and

6. For such other relief as the Court deems proper.

Date: May 10, 2010

Respectfully submitted by,
**ROUTH CRABTREE OLSEN, P.S.**

By: /s/ Brett Ryan
BRETT RYAN, ESQ
Attorneys for Movant